IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARQUIS DELEON WILSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-070-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF

Petitioner, Marquis Deleon Wilson, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

### BACKGROUND

The record in the underlying criminal case, No. 2:21-CR-041-Z, reflects the following:

On May 27, 2021, Petitioner was named in a two-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR ECF 29). Petitioner initially entered a plea of not guilty. (CR ECF 33; CR ECF 34). Later, he signed a factual resume (CR ECF 48) and a plea agreement (CR ECF 49). The factual resume set forth the elements of the offense charged in count two of the indictment and the stipulated facts establishing that Petitioner had committed that offense. (CR ECF 48). The plea

agreement set forth the penalties the Court could impose, admonishing Petitioner that the sentence would be solely in the discretion of the Court and that no one could predict what it might be or what effect the guidelines might have. (CR ECF 49). It further reflected that Petitioner's plea was knowing and voluntary and that Petitioner waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances. (*Id.*).

On October 15, 2021, Petitioner appeared for rearraignment. (CR ECF 53). He testified under oath to the facts establishing that his plea to count two of the indictment was knowing, voluntary, and intelligent (CR ECF 126) and the Court so found. (CR ECF 54; CR ECF 77). The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 34. (CR ECF 82, ¶ 18. He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 25, 26). Based on a total offense level of 31 and a criminal history category of III, his guideline imprisonment range was 135 to 168 months. (*Id.* ¶ 74). Petitioner filed objections (CR ECF 104) and the probation officer filed an addendum to the PSR (CR ECF 106).

On April 5, 2022, the Court sentenced Petitioner to a term of imprisonment of 168 months and dismissed count one of the indictment. (CR ECF 119). At sentencing, Petitioner waived his right to allocution. (CR ECF 126 at 27). The Court noted that the sentence might have included an upward variance, but that the capable and effective argument of defense counsel had persuaded the Court to sentence within the guideline range. (*Id.* at 28). Petitioner did not appeal, having waived the right to do so.

## **GROUNDS OF THE MOTION**

Petitioner sets forth four grounds in support of his motion. First, he received an excessive sentence in retaliation for his having failed to identify himself at the time of his arrest. (ECF 3 at

6[1]). Second, counsel's performance was deficient. (*Id.*). Third, evidence was mishandled. (*Id.*). And, fourth, his rights to Due Process were violated because the drugs were not weighed separately. (*Id.* at 4).

## STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[1] The page references to the petition are to "Page __ of 14" found at the top right portion of the document on the Court's electronic filing system. The typewritten numbers on the document are not the actual page numbers. And, Petitioner has attached additional pages to his petition.

3

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## **ANALYSIS**

In his first ground, Petitioner contends that he was "singled out and given excessive time" in retaliation for having refused to identify himself. (ECF 3 at 6). He offers no support for this speculation. In any event, this ground is procedurally barred and Petitioner makes no attempt to show cause and prejudice for having failed to raise it on appeal. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). More importantly, Petitioner waived the right to appeal or pursue

relief under Section 2255 except in limited circumstances not applicable here. (CR ECF 49, ¶ 12). A knowing and voluntary waiver of a right to bring a collateral attack, such as in this case, is an enforceable bar to relief. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). And, to the extent this ground amounts to an argument that Petitioner's guideline range was incorrectly calculated because the information supporting the calculation was not reliable, that argument is not cognizable on collateral review. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Finally, as discussed by Respondent, (ECF 10 at 5–6), the ground is meritless. Petitioner's within-guideline sentence is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In his second ground, Petitioner alleges that his counsel was ineffective in failing to discuss the weight and purity of the methamphetamine with him and whether there were any fingerprints to connect him with the bag containing the methamphetamine. He also appears to complain that counsel failed to compel production of lab reports, statements, and police reports and to file a motion to suppress. (ECF 3 at 11). In his third and fourth grounds, he alleges that his Constitutional rights were violated based on mishandling of evidence. (*Id.* at 6–7). However, he has not come forward with anything more than his *ipse dixit* to support his allegations.

The PSR shows how Petitioner's base offense level was determined. (CR ECF 82). The drugs were tested and the amounts of each type separately determined. (*Id.* ¶ 12). In his factual resume, Petitioner admitted that the drugs were found in different bags, that the DEA South Central Laboratory had confirmed the weight and purity of the methamphetamine, and that he had possessed with intent to distribute those drugs. (CR ECF 48). Petitioner has not shown, much less made any attempt to show, that his guideline range would have been any different or that his sentence would have been any different had his counsel made any additional objection or acted

any differently. Moreover, he has not provided any evidence to support his allegations that he was "coerced to plead guilty" and "denide [sic] evidence to decide all his legal options." (ECF 3 at 10–11).

Any contention that the plea was not knowing and voluntary is belied by the record. Petitioner signed a plea agreement in which he acknowledged that he had reviewed the guidelines with his attorney and understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines and that the sentence was wholly within the Court's discretion. (CR ECF 49). Further, Petitioner represented that his plea was made freely and voluntarily and was not the result of force or threats or promises apart from those set forth in the plea agreement. In particular, there had been "no guarantees or promises from anyone as to what sentence" the Court would impose. (*Id.* at 5–6). In addition, Petitioner signed the factual resume in which he stipulated that he had transported large quantities of narcotics over state lines and that he knowingly possessed over 450 grams of methamphetamine with intent to distribute it. (CR ECF 48). Petitioner testified under oath that: he had read, discussed with counsel, and signed the plea agreement; he was not pleading guilty based on any promises by anyone other than those things written down in the plea agreement; no one had made any prediction or promise to him as to what his sentence would actually be; and, he understood that his attorney's opinion or estimate of the guideline range was not a guarantee and he was satisfied with his attorney and the advice given to him. (CR ECF 126). His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove:

"(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, Petitioner's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation that the plea was coerced, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

Petitioner's guilty plea waived his right to raise a Fourth Amendment challenge. *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002). Moreover, Fourth Amendment claims are not cognizable under Section 2255 as they can and should be brought in the trial court and pursued on appeal. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003).

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Marquis Deleon Wilson, be DENIED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 13, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).